

**FILED**

SEP 2 4 2014

Clerk, U.S. District Court
District Of Montana
Great Falls

**CARL E. ROSTAD**
**Assistant U.S. Attorney**
**U.S. Attorney=s Office**
**P.O. Box 3447**
**Great Falls, Montana 59403-3447**
**Direct Line:   (406) 771-2001**
**Phone:   (406) 761-7715**
**FAX:     (406) 453-9973**
**Email:       Carl.Rostad@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 14-47-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **PLEA AGREEMENT** |
| **BRUCE HAROLD SUNCHILD,** | **(Rule 11 (c)(1)(A),(B)** *Federal Rules of Criminal Procedure*) |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Carl E. Rostad, Assistant United States Attorney for the

CER   BHS   MDM   Date  9/16/2014

1

District of Montana, and the defendant, Bruce Harold Sunchild, and his attorney,

Mark D. Meyer, have agreed upon the following:

1.     **Scope**:   This plea agreement is between the United States Attorney's

Office for the District of Montana and defendant.    It does not bind any other federal,

state or local prosecuting, administrative or regulatory authority, or the United States

Probation Office.

2.     **Charges**:     The defendant agrees to plead guilty to Counts II and IV of

the Indictment in *United States v. Bruce Harold Sunchild and Shad James Huston*,

CR-14-47-GF-BMM, which charges the crimes of Theft from an Indian Tribal

Organization, in violation of 18 U.S.C. § 1163, and Bribery of a Tribal Government

Official, in violation of 18 U.S.C. § 666(a)(1)(B), respectively   The offense charged

in the Count II of the Indictment carries a maximum punishment of five years

imprisonment, a $250,000 fine, three years supervised release, and a $100 special

assessment. The offense charged in Count IV of the Indictment carries a maximum

punishment of ten years imprisonment, a $250,000 fine, three years supervised

release, and a $100 special assessment.

Restitution for both crimes is mandatory and will be fixed at sentencing unless

the parties stipulate to an amount prior to disposition. 18 U.S.C. §3663A(a)(1) and

(c)(1)(a)(ii).

CER     BHS     MDM     9/16/2014
                                Date

2

3.   **Nature of the Agreement**:   The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

Rules 11(c)(1)(A)&(B), *Federal Rules of Criminal Procedure*.   The defendant acknowledges that the agreement will be fulfilled provided the United States (*a*) moves to dismiss, and the Court agrees to dismiss Counts I, V, and VI of Indictment on file herein, (c) agrees not to pursue other charges against the defendant other than those in *United States v. Bruce Harold Sunchild*, CR-14-71-GF-BMM, and in an case to be filed, *United States v. Bruce Harold Sunchild*, CR-14-**-GF-BMM, charging the defendant with Income Tax Evasion, arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organizations, and *d*) the United States makes the recommendations provided for in ¶ 6 below.

The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea. The parties acknowledge that the Court is not bound by the recommendations of the parties and that the failure to follow such recommendations does not invalidate the plea agreement.

**Interdependence of Plea Agreements:** The defendant acknowledges that the agreement he has reached with the United States in this cause is one part of a larger

| CER | BHS | MDM | 9/16/2014 |
|-----|-----|-----|-----------|
|     |     |     | Date      |

3

disposition of multiple cases by agreements reached in this case and in *United States v. Bruce Harold Sunchild*, CR-14-71-GF-BMM, and in an case to be filed, *United States v. Bruce Harold Sunchild,* CR-14-**-GF-BMM, charging the defendant with Income Tax Evasion.   This agreement is conditioned upon all three agreements being accepted by the Court and concluded without the withdrawal from any of the agreements by the defendant.   The defendant understands, therefore, that if he withdraws from any of the three agreements, or the Court rejects this or either of the other two agreements, all three agreements will become null and void.

4.      **Admission of Guilt**:   The defendant will plead guilty because he is in fact guilty of the charges contained in Counts II and V of the Indictment.   In pleading guilty, the defendant acknowledges that:

**Count II**
**Theft from an Indian Tribal Organization**
**Title 18 U.S.C. ' 1163**

**First,** aided by others including Shad Huston, Tony Belcourt and Chance Houle, Sunchild knowingly converted to his use or the use of another, willfully misapplied or permitted to be misapplied, monies, funds, or property;

**Second,** that the property so taken belonged to the Chippewa Cree Construction Corporation, an Indian tribal organization, or which had been entrusted to the custody or care of an officer, employee, or agent of the Indian tribal organization; and,

**Third,** that the money or property had a value in excess of $1000.

CER      BHS      MDM      Date   9/16/2014

4

## Count IV
## Accepting a Bribe by a Tribal Official/Federal Program
## Title 18 U.S.C. § 666(a)(1)

**First**, Sunchild was an agent of an Indian tribal government receiving more than $10,000 under any federal program, subsidy, grant, contract or other form of federal assistance;

**Second**, with the assistance of John Chance Houle and Tony James Belcourt, Sunchild accepted and agreed to accept something of value;

**Third**, he intended to be influenced or rewarded in connection with some business, transaction or series of transactions with the Indian tribal government;

**Fourth**, the transaction or series of transactions with the Indian tribal government involved a value of $5,000 or more; and

**Fifth**, that he did so corruptly.

5.    **Waiver of Rights by Plea**:

(a)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(b)    The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial.   The government must also consent and the court must approve a non-jury trial.

CER    BHS    MDM    9/16/2014
Date

5

(c)     The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.   The defendant and his defense attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.   In turn, the defendant could present

CER     BHS     MDM     Date  9/16/2014

witnesses and other evidence on the defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(g)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from his refusal to testify.   Or the defendant could exercise the choice to testify on his own behalf.

(h)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(i)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in this paragraph.   The defendant's attorney has explained these rights and the consequences of waiving these rights.

CER     BHS     MDM     9/16/2014
                                Date

7

6.    **Recommendations**:   The United States agrees to recommend to the Court that the sentence imposed in this case be served concurrently with any other sentence imposed.

With regard to Count IV, the United States agrees to recommend to the Court that it apply the gratuity guideline found in U.S.S.G. §2C1.2 in calculating the advisory guideline range.

The United States and the defendant are free to make any other sentencing recommendation. The parties acknowledge that the recommendations of either party are not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

7.    **Effect of Early Decision**:   If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and the advisory guideline offense level is 16 or higher, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG § 3E1.1(b).

8.    **Sentencing Guidelines**:   Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The

CER    BHS    MDM    9/16/2014
                              Date

8

parties acknowledge that the recommendations of either party as to the applicability
of any guideline provision is not binding on the Court and failure to accept or follow
any recommendation does not void the agreement or permit an automatic
withdrawal from the agreement by either party.

9.   **Appeal Waivers**:

A.   ***Substantial Assistance Motion Waiver***:   The defendant
acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence
imposed in this case.   Under appropriate circumstances, the United States may
move, but has not made any commitment as part of this agreement to move, for a
reduction of sentence pursuant to USSG § 5K1.1 to reward the defendant for any
substantial assistance provided before sentencing.   If such a motion is made and the
Court accepts the plea agreement, the defendant hereby waives all right to appeal
any aspect of the sentence, including conditions of probation or supervised release,
imposed by the Court.

If a motion for downward departure is made under USSG § 5K1.1, the
defendant also agrees to waive his right to collaterally attack the judgment or
sentence pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit his right to
pursue or maintain such an action arising from facts not known or reasonably

CER     BHS     MDM     9/16/2014
                                Date

9

capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

        B.    **Alternative Waiver Provision—*If No Substantial Assistance Motion is Made, Conditional Waiver*:**  If no substantial assistance motion is made, the defendant agrees to a conditional waiver of appeal. The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case.   The prosecution has a comparable right of appeal provided in 18 U.S.C. §3742(b).   By this agreement, the defendant waives his right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation.   The United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines, and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

$\frac{\mathcal{C}\,\omega\, \mathscr{H}}{\text{CER} \quad \overline{\text{BHS}}} \quad \frac{\text{MDM}}{\text{MDM}} \quad \frac{9/16/2014}{\text{Date}}$

10

10.   **Voluntary Plea**:   The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

11.   **Non Prosecution and Dismissal**:   Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause Counts I and VI of the Indictment to be dismissed as against this defendant within 21 days of sentencing.   In addition, the United States will not pursue other charges against the defendant other than Count II in *United States v. Bruce Harold Sunchild*, CR-14-71-GF-BMM and one felony income tax evasion count of the government's choosing in an as yet unfiled indictment in *United States v. Bruce Harold Sunchild*, CR-14-\*\*-GF-BMM, which are the subject of separate but dependent agreements, arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organizations.

**Waiver of Speedy Trial**:   The defendant has agreed, unconditionally, to waive appeal if the government makes a substantial assistance motion pursuant to USSG §5K1.1 at the time of sentencing.   If such a motion is made by the government, and notwithstanding the agreement the defendant files a Notice of

CER    ~~BHS~~    MDM    9/16/2014
                                Date

11

Appeal, the defendant expressly waives any and all objection under the Speedy Trial Act for any delay caused by the defendant's breach of the plea agreement between the time of sentencing and the date set for trial of the remaining count or counts of the Indictment.

12.     **Detention/Release Pending Sentencing**:     Provided the defendant has not previously violated the conditions of pretrial release, the United States will recommend continued release pending sentencing. 18 U.S.C. § 3143(a)(1) or (2).

13.     **Entire Agreement**: Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   This plea agreement constitutes the entire agreement between the parties.   Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

CARL E. ROSTAD
Assistant U. S. Attorney

CER    BHS    MDM    9/16/2014
                             Date

12

BRUCE HAROLD SUNCHILD
Defendant


MARK D. MEYER
Defense Counsel


CER    BHS    MDM    9/16/2014
Date